EX PARTE

ISRAEL EMIR FRUTIZ

V.

THE STATE OF TEXAS

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

83,331-01

CAUSE N° 1232287-A

DEAR COURT CLERK,

PLEASE FIND HEREIN A MOTION TO CONTRADICT THE COURT FINDING OF FACT AND CONCLUSION OF LAW MADE BY THE STATE.

IN THIS DOCUMENT YOU WILL ALSO FIND A COPY OF THE MOTION SENT TO THE CONVICTING COURT ON MARCH 24, 2015 WHICH WAS INTENDED EXCLUSIVELY TO REBUTE JOHN PETRUZZI AFFIDAVIT. SAID MOTION WAS NOT AND HASN'T BEEN FILED BY THE CONVICTING COURT AND ERRONEOUSLY MADE THEIR FACT FINDINGS AND CONCLUSION OF LAW WITH OUT PRESENTING THE OBJECTIONS TO THE COURT TO BE INCLUDED FOR THEIR FINDINGS OF FACT AND CONCLUSION OF LAW. SAID MOTION IS MARKED AS EXHIBIT # 1 AND THE EXHIBIT # 2 IS THE PROOF WHICH REFLECTS THE DATE SAID MOTION WAS MAILED OUT TO THE CONVICTING COURT WHICH COMMITTED AN ABSOLUTE ABUSE OF DISCRETION FOR NOT INCLUDING IT INTO THEIR FINDINGS.

RESPECTFULLY SUBMITTED BY,

Emir Frutiz

ISRAEL EMIR FRUTIZ

#01625626

1525 F.M. 766

CUERO, TX 77954

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 01 2015

Abel Acosta, Clerk

c/c

EX PARTE FRUTIZ,                    CAUSE № 1232287-A
APPLICANT PRO SE                        §
                                        §
                                        §
                                        §
            ATTACHMENT OF FACTS SUPPORTING AND

REBUTING THE STATES FINDING OF FACT AND CONCLUSION OF LAW


RESPECTFULLY COMES NOW ISRAEL FRUTIZ, WHO BRINGS THE OBJECTION TO THE STATES FACT FINDING THAT ARE BASED SOLELY ON THE FORMER COUNSELS AFFIDAVIT. THERE WERE A TOTAL OF FOUR GROUNDS FIELD AND THE STATE ADDRESSED ALL GROUNDS WITH ONE AFFIDAVIT FROM FORMER COUNSEL JOHN PETRUZZI. WHO HAS RELIED AND BASED HIS WHOLE AFFIDAVIT ON WHAT THE PRIVATE INVESTIGATOR DONE. BLANTLY DISREGARDING HIS DUTY TO INVESTIGATE OR ASSUME ANY RESPONSABILITY. HIS STATEMENTS FALL SHORT DO TO THE NATURE OF THE HEAR SAY RULE BETWEEN HIM AND THE PRIVATE INVESTIGATOR. THE PRIVATE INVESTIGATOR WAS AND IS NOT THE ONE IN QUESTION HERE NOR HAS HE SUBMITTED AN AFFIDAVIT. SO HOW CAN JOHN PETRUZZI BASE OR ATTESTIFY TO SOME ONE EALSES STATEMENTS OR KNOWLADGE. THIS IN TURN WOULD MAKE HIS AFFIDAVIT A DESPARATE AND FRIVOLUS. I AM ALSO INCLUDING A COPY OF A MOTION THAT WAS MADE STRICKLY TO REFUTE HIS AFFIDAVIT. HOWEVER THE CONVICTING COURT FAILED TO FILE SAID DOCUMENT, THOUGH IT WAS MAILED OUT ON MARCH 24, 2015 GIVING THEM PLENTY OF TIME TO FILE BEFORE THEY RESPONDED. PLEASE SEE EXHIBIT #2 WHICH IS A 1-60 WER IT WILL CLEARLY REFLECT THE DATE THAT EXHIBIT #1 WAS SENT TO THE HARRIS COUNTY DISTRIC CLERK. ACCORDING TO THE MAIL BOX RULE IN CAMBELL 320 SW 3d 338(2010) THE DOCUMENTS AND PLEADINGS FROM AN INMATE ARE DEEMED FILED THE DAY THEY ARE GIVEN TO T.D.C.) OR PRISION ATHORITYS FOR DELIVERY TO THE COURT CLERK. THAT BEING SAID THE TRIAL COURT COMMITTED AN ABUSE OF DISCRECTION FOR NOT FILING THE MOTION DATED MARCH 24, 2015 WHICH WAS MAILED OUT ON THE DATE SHOWN ON EXHIBIT #2.

    NOW PLEASE FIND THE ADDITIONAL REBUTAL TO A FRAIL LOGIC OF FACT FINDING AND THE ERRONEOUS CONCLUSION OF LAW MADE BY THE TRIAL COURT. THE FOLLOWING IS A RESPONSE TO EACH QUESTION PROVIDED BY THE STATE.

1. ADDRESSING ISSUE № 1: PETITIONER IS NOT CONFINED IN ACCORDANCE TO A FAIR JUDGEMENT. INSTEAD HE IS IN CUSTODY IN VIOLATION OF THE LAWS AND TREATIES OF THE COMMON WEALTH AND THE CONSTITUTION OF THE UNITED STATES.

2. PETITIONER WAS NOT EVER GIVEN ANY OTHER CHOICES BY HIS NEGLECTFULL COUNSEL, BUT TO TAKE THE PLEA OF GUILTY AND TAKE A (7) YEARS T.D.C OR RECIVE A HARSHER PUNISHMENT IF HE WOULD GO TO TRIAL.

3. THE COURT APPOINTED JOHN PETRUZZI, TO REPRESENT PETITIONER, CAUSE I WAS INDIGENT AT TIME.

4. PETITIONER WAS ADMONISHED IN ACCORDANCE TO TEX ART 26.13 BUT WAS NEVER ADMONISHED IN ACCORDANCE TO EXPARTE AXEL 757 SW 2d 369 TEX CRIM APP 1988 ABOUT HIS RIGHT TO APPEAL SEE ALSO EXPARTE MARTINEZ V. TEXAS 694 F2d 423 (5TH CIR 1982)

5. THEIR WAS NO COMPETENCY HEARING TO DETERMINE AS TO WHETHER PETITIONER WAS COMPETENT OR APPEARED TO BE COMPATENT AT TRIAL. ANYONE FACING SUCH ALLEGATION CAN BE SCIENTIFICLY PROVEN TO BE UNDER A TRUMENDOS AMOUNT OF STRESS. SO HOW COULD THEY POSSIBLY KNOW HE UNDERSTOOD THE CONSEQUENCE TO PLEADING GUILTY. ON CONTRARY HE WAS COERCED AND PLACE IN FEAR OF RECIVING A HARSHER SENTENCE IF HE WENT TO TRIAL BY HIS COUNSEL, WHO FAILED TO TELL OR COMUNICATE TO HIS CLIENT THAT HE WAS ELEGIBLE FOR ADJUDICATED PROBATION IF HE WENT INFRONT OF THE JUDGE ON A NON JURY PROCEEDING.

6. PETITIONER HAS NO PREVIOUS CRIMINAL BACKGROUND SO THE COURT ABUSED ITS DISCRETION BY NOT OFFERING PROBATION NOR CONDUCTING A PSI REPORT TO FIND IF PETITIONER WAS ELEGIBLE FOR PROBATION. HE MET ALL POSSIBLE REQUIRMENTS. JOB, HOME AND NOT A MENICE TO SOCIETY.

7. PETITIONER WAS NOT EVER AWARE OF A DIRECT APPEAL AS STATED ON PARAGRAPH Nº(4) BECAUSE HE WAS NEVER ADMONISHED BY TRIAL JUDGE IN ACCORDANCE TO EXPARTE AXEL 757 SW 2d 369 TEX CRIM APP 1988

8. SERGEANT WILLIAM D.LILLY DID NOT INVESTIGATE THE CASE, HE CAME TO MY PLACE OF WORK WITHOUT A WARRENT AND AT FIRST TRIED TO IMPLAMENT A INTERROGATING METHOD KNOW AS "RPMS" - RATIONALIZATION ("WE ALL DO IT"); PROJECTING BLAME ("ITS NOT ENTIERLY YOUR FAULT"); MINIMIZING ("IT'LL BE OK"); AND SOCIALIZING ("I'M WITH YOU..."). AND WHEN HE NOTICED I WAS NOT HIDDING ANYTHING HE GOT UPSET, STARTED VERBALY THREATING ME COERCING ME TO WHAT HE WANTED ME TO SAY KNOWING THAT THEIR WER NO MATERIAL, PHYSICHL EVIDENCE TO SUPPORT SUCH ALLEGATION. EVERYTHING WAS BASED ON CIRCUMSTANTIAL HEARSAY.

9. SERGEANT LILLY WAS TERMINATED AFTER INTERNAL AFFAIRS DID A THAROUGH INVESTIGATION OF OTHER CLAIMS AGAINST LILLY, MAKING IT NOT ONLY HIS FIRST OFFENSE. THE INVESTIGATION CONCLUDED THAT HE WAS GUILTY OF BEING NEGLECTFUL IN HIS DUTY, HIS BEHAVIOR WAS CONTRARY TO GOOD ORDER AND HIS CONDUCT WAS UNPROFESSIONAL. THEY ALSO HAVE SERVEL PUBLIC OFFICALS WHO CONCUR WITH THE SAME OUTCOME OF THE INVESTIGATION. I NEEDED PROOF TO -

(9) BACK UP MY CLAIMS OF COERCION INTO CONFESSING SOMETHING I DID NOT COMMIT. IT HAD ALLWAYS BEEN HIS WORD OVER MINE.

10. ON JULY 18, 2014, THE HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE MAILED OUT A LETTER TO THE APPLICANT AND HIS ATTORNEY "BRADY DISCLOSER" NOTIFYING THAT LILLY HAD BEEN TERMINATED. SUPPORTING MY CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, HOW CAN I FIGHT WHEN THE COUNSEL APPOINTED TO ME BY THE STATE COUNTINUES TO FALL SHORT ON THE CLIENT / LAWYER RELATIONSHIP. BY NOT NOTIFYING ME OF A "BRADY DISCLOSER" BECAUSE HE NOW KNOWS THAT EVERYTHING I HAD SHARED WITH HIM IN REGARDS MY COERCED CONFESSION WOULD NOW BE SUPPORTED. HE NEVER FILED A MOTION TO WITHDRAW AS MY COUNSEL, BUT BECAUSE I CAN NOT PAY HIM HE WOULD NOT DO ANYTHING FOR ME. LEAVING AN INNOCENT MAN TO FEND FOR HIM SELF AGAINST A SEA OF TRAINED PROFESSIONALS.

11. ON MARCH 5, 2015 TRIAL COUNSEL JOHN PETRUZZI FILED AN AFFIDAVIT RESPONDING TO PETITIONERS CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL. MR. PETRUZZI FAILS TO RESPOND ADEQUATLY TO THE SETTING OF QUESTIONS DIRECTED AT HIM. HE PASSES THE BLAME AND RELYS SOLEY ON WHAT THE PRIVATE INVESTIGATOR DID. MAKING IT AN AFFIDAVIT ON BEHALF OF THE PRIVATE INVESTIGATOR. MR. PETRUZZI NEVER SHOWS PROOF OF ANY MATERIAL OR PYSICAL EVIDENCE PROVIDED BY INVESTIGATOR OR WHAT EXCATLY DID HE DO? COUNTY RECORD WILL SHOW SAID INVESTIGATOR ONLY CAME BY ONCE TO VISIT BUT DID NOT SPEAK ABOUT CASE BUT GAVE ME A WITHDRAW FORM, FROM MY FAMILY ATTORNEY. MR. PETRUZZI BASES HIS REPRESENTATION ON BEHALF OF THE INESTIGATOR, SO WHAT DID HE DO EXCATLY? HIS AFFIDAVIT WOULD FALL UNDER HEAR SAY AND WOULD NOT BE ADMISSIBLE IN ANY PROCEEDING.

12. THE COURT STATES THAT PETRUZZIS AFFIDAVIT IS CREDIBLE AND TRUE. THIS IS FRAIL LOGIC TO BASE THE TERM "TRUE" ON AN AFFIDAVIT WITHOUT EVER HOLDING A HABEAS HEARING TO DETERMINE AS TO WHERE THE TRUTH LIES. COUNSEL COULD NEVER STAND UP TO CROSS EXAMINATION, CAUSE HE IS SOLEY REALYING ON THE PRIVATE INVESTIGATOR. HOW CAN HE SAY "I WOULD THROW MY SELF UNDER THE BUS" THATS A POOR EXCUSE FOR NOT EVER VISITING ME IN COUNTY TO CONFER WITH HIM. AS PREVIOUSLY SEEN THE DETECTIVE "PUBLIC OFFICLE" HAS ALSO WRITEN SWORN DOCUMENTS THAT TURN OUT NOT TO BE TRUE, SO JUST BECAUSE PETRUZZI FILED AN AFFIDAVIT WITHOUT ANY. PYSICAL PROOF THAT HE SAID WE SHOULD TAKE HIS WORD FOR GOOD, MEANS WE OR THE STATE SHOULD. HOW CAN HE TRY TO PROTECT LILLY AFTER A DEEP INVESTIGATION FOUND HIM FRAUDULENT THATS WHY A HABEAS HEARING WOULD OF SET THE RECORD STRAIT.

13. THE TRIAL COURT STATES PETRUZZI SPOKE WITH APPLICANT ABOUT THE CASE ON NUMEROUS OCCASION. A CROWDED-HOLD-OVER CELL WITH NO ROOM TO SPEAK PRIVATELY AND FREELY DOES NOT CONSTITUT AS CLIENT CONFIDENTIALINTY AND THE ONLY REASON HE SPOKE WAS BECAUSE HE HAD TO SHOW UP TO COURT & BE THE MIDIATOR BETWEEN D.A AND PETITINOR. HE SHOWED NO INTREST WHAT SO EVER BY NEVER COMING TO CONFER WITH PETITIONER IN COUNTY JAIL. COUNTY RECORD WILL SHOW THAT.

14. THE COURT FINDS THAT BASED ON PETRUZZI AFFIDAVIT HE DID NOT VISIT THE APPLICANT AT THE JAIL. EX PARTE BRATCHETT 513 SW 2D 851 (1974) COUNSEL ONLY TALKED TO HIS CLIENT THREE TIMES AND HIS COUNSEL WAS FOUND INEFECTIV. HOW DO YOU SHOW INTREST IN A CASE WHEN COUNSEL DOESN'T EVEN HAVE TIME TO TALK OR ANALYZE ANYTHING. SO HOW CAN STATE SAY HE WAS EFFECTIVE.

15. THE COURT FINDS PETRUZZI FILED FOR A PRIVATE INVESTIGATOR, WHICH COURT GRANTED. NOW WHAT OTHER MOTION'S WER FILED BY JOHN PETRUZZI? WHY IF HE WOULD OF SPOKEN TO ME ON NUMERUS OCCASIONS, LIKE HE CLAIMS DID HE NOT FILE A MOTION TO SUPRESS EVIDENCE, OR FILE A MOTION FOR P.S.I KNOWING PETITIONER HAD NO PREVIOUS CRIMINAL BACK GROUND. WHAT DID THE PRIVATE INVESTIGATOR DO EXCATLY? OTHER THEN COLLECT A CHECK?

16. THE COURT FINDS THAT THE PRIVATE INVESTIGATOR VISITED PETITIONER IN COUNTY JAIL A TOTAL OF (1) ONE TIME. ONCE AGIN RECORDS WILL SHOW THAT, SO WHY WOULD STATE ASKE THIS QUESTION TO PETRUZZI WHO NEVER VISITED PETITIONER. WOULD HE HAVE DONE SO HE WOULD OF KNOW THAT THE PRIVATE INVESTIGATOR ONLY CAME BY TO HAVE ME SIGN A FORM FROM MY FAMILY LAWYER TELLING ME SHE WAS DROPING OUT OF MY CUSTDY BATTLE CASE. NEVER TALKED NOR ASK QUESTIONS IN REGARDS TO THE ALLEGATIONS. PETRUZZI HAS NEVER SUBMITTED TO TRIAL CORT WHAT SAID INVESTIGATOR DID OR TALKED TO.

17. WILL REFER BACK TO PARAGRAPH (13) THIS IS WHER PETRUZZI DEEMED TO WANT TO CARRY OUT HIS TALKS WITH PETITIONER IN A CROWDED HOLD-OVER CELL. PUTING HIM IN IMMENANT DANGER. IF THIS WAS NOT SO CHECK COUNTY PROTOCALL THEY SEPERATE INMATE WITH SUCH CHARGES SO AS TO NOT PUTTING THEM IN DANGER WITH INMATES WHO DONT TAKE SUCH CHARGES LITELY. PLEASE SEE EXHIBIT #1 SPEAKIN OR ASKING QUESTION IN REGARDS THE CASE INFRONT OF ANYONE OTHER THEN PETITIONER (CLIENT) VIOLATES THE PROFFESIONAL CONDUCT AND NOT SPEAKING IN PRIVATE IS NOT ONLY A VIOLATION BUT WOULD GO AGAINST STATE BAR OR A.B.A.

18. THE STATE FIND PETRUZZI DISCUSSED THE CASE WITH PETITIONER EVERY TIME ON COURT DOCKET. THIS ISSUE HAS BEEN ADRESSED NOT ONLY ONCE BUT TWICE IN PARAGRAPH(13)(17) HOW CAN ANYONE PREPAIR FOR DEFENSE WHEN THE ONLY TIME WE SPEAK IS DURING COURT SESSION ON THE COURTS VALUBLE TIME AND UNDER PRESSURE?

19. THE COURT FIND THAT ACCORDING TO PETRUZZIS AFFIDAVIT, APPLICANT PARTICIPATED IN THE DISCUSSIONS. HE NEVER SAYS HOW APPLICANT PARTICIPATED NOR COULD HE RECALL WHY I KEPT TELLING HIM TO COME TALK TO ME IN PRIVATE, AND DID NOT BELIVE A WORD I SAID TO HIM.

20. PETRUZZI CLAIMS APPLICANT NEVER PROVIDED ANY INFORMATION THAT LED TO ANY DEFENSE. THIS QUESTION CONTRADICS WHAT WAS JUST STATED IN (18) AND (19) BY PETRUZZI. IF HE STATES I NEVER PROVIDED INFORMATION, HOW CAN HE SAY 1. THAT APPLICANT PARTICIPATED IN THE DISCUSSIONS 2. AND THAT WE TALKED ABOUT THE CASE EVERY TIME IT WAS ON COURT DOCKET.

21. THE COURT FINDS, BASED ON THE AFFIDAVIT OF PETRUZZI, THAT THE APPLICANT INDICATED HE WAS GUILTY OF THE CHARGED OFFENSE. WHO WOULD FREELY ADMIT TO SUCH A HANEOUS CRIM IN FRONT OF A CROWDED HOLD OVER CELL? IF THIS WOULD BE TRUE WHY WOULD ANY ONE WANT TO WASTE THE COURTS TIME JUST SIGN FOR WHAT EVER WAS OFFERD RIGHT? SO HOW CAN I BE GUILTY IF THEIR WER NOT EVER ANY EVIDENCE OF ANY TYPE SO WITHOUT MY SO CALLED PLEA OF GUILT THE STATE WOULD HAVE NOTHING BUT A HEAR SAY. MR. PETRUZZI IS CLEARLY TRYING TO WASH HIS HANDS FOR NOT BEING AN EFFECTIVE COUNSEL. REFRENCE (16)(17)(18) AND (19) WHY WOULD WE CONTINUE TO DISCUSS IF I WANTED TO PLEA GUILTY THATS LIKE POINTUS PILOT WASHING HIS HANDS WITH THE JEWISH PEOPLE.

22. PETRUZZI NEVER BELIVED APPLICANT, HE BELIVED IT WAS A FAIRY TALE BEING TOLD BY A DESPERATE YOUNG MAN. HE SHOWS IT BY SHOWING NO INTREST IN CASE WITH HIS ACTION. PLEASE SEE EXHIBIT #1 THIS QUESTION IS DETAILED AND EXPLAINED AND BRIEFLY TOUCH ON ON PARAGRAPH(19)

23. PETRUZZI DISCREDED THE APPLICANTS PLEASE TO COME AND CONFER IN PRIVATE, SO IT COMES TO NO SURPRISE THAT HE WOULD NOT RECALL ME TELLING IHM ABOUT LILLY COMING BY MY JOB AND YELLING AT ME ABOUT SUCH ACUSATIONS LETS NOT FORGET HE IS DEFENDING SOME ONE FOUND GUILTY OF LIES AND DECEPTION ON SERVEL OCCASTIONS.

24. THE COURT FINDS THAT BASED ON PETRUZZI AFFIDAVIT APPLICANT NEVER ALLEGED THE ONLY REASON HE CONFESSED (TO LILLY) WAS BECAUSE HE WAS IN FEAR OF HIS LIFE. WELL IF I WER GUILTY WHY WOULD LILLY THREATEN MY LIFE IF I DID NOT CONFESS. SEEMS LIKE PETRUZZI IS TRYING TO BACK UP SOME ONE WHO HAS BEEN TERMINATED FOR USING SUCH METHODS TO ACHIVE CONVICTIONS. NOW IF I DID NOT (PETITIONER) USE THE PROPER TERMINOLOGY SO PETRUZZI COULD BELIVE ME, THAT WOULD MAKE IT MY FAULT, LIKE HE HAS DONE IN HIS WHOLE AFFIDAVIT PUT THE BLAME ON THE PRIVATE INVESTIGATOR OR APPLICANT. YOU HAVE SEVERAL PUBLIC OFFICIALS AGINST (LILLY) BUT PETRUZZI'S WORD OUT BIDS ALL THESE APPERANTLY BY NEVER BELIVING APPLICANT AND TRYING TO PROTECT FORMER DETECTIVE WILLIAM D. LILLY.

25. THE COURT FINDS, BASED ON PETRUZZI AFFIDAVIT, THAT PETRUZZI REVIEWED THE APPLICANT'S STATEMENT WITH APPLICANT. IF HE WOULD OF DONE SO HE COULD OF SEEN HOW IDENTICAL SAID STATEMENT WAS. ALMOST AS IF I HAD READ AND WROTE IT WORD FOR WORD. HOW COULD HE NOT HAVE BELIVED ME THAT THE DETECTIVE TOLD ME WHAT TO SAY.

26. THIS QUESTION IS ADDRESSED SEVERL TIMES BUT THEIR WAS NEVER AN AFFIDAVIT BY PRIVATE INVESTIGATOR TO SUSTAIN SUCH CLAIMS. PLEASE SEE PARAGRAPH (16)

27. THE COURT FINDS, BASED ON THE AFFIDAVIT OF PETRUZZI, THAT PETRUZZI DID NOT BELIVE THE APPLICANTS STATEMENT WAS COERCED. THE COURT STATES PETRUZZI DID NOT BELIVE, PAST TENSE. WHICH SHOWS PETITIONER HAD MADE HIM AWARE, WHEN HE STATED PETITIONER NEVER TOLD HIM ABOUT THE COERCED CONFESSION. ITS SAFE TO SAY HE FOUND ME GUILTY AND THATS WHY HE NEVER TRIED TO FIGHT THE CASE, NOR OFFER PROBATION BUT WAS SO ADAMINT ON ME TAKING (7) YERS T.D.C OR A HARSHER PUNISHMENT IF I DID NOT SIGN FOR THE (7)

28. THE APPLICANT DID NOT OBJECT TO HIS STATEMENT PRIOR TO HIS GUILTY PLEA. COURT TRANSCRIPTS COULD SHOW WHEN APPLICANT WANTED TO PLEA NO-LO CONTENDER. BUT JUDGE ASKED COUNSEL IF HE DID NOT TELL APPLICANT HE COULD ONLY PLEA GUILTY OR NOT GUILTY AND IF APPLICANT DID NOT OBJECT AS STATED WAS BECAUSE OF THE INVOLUNTARY PLEA APPLICANT WAS ADVISED TO TAKE BY PETRUZZI.

29. THE APPLICANT'S CLAIM THAT HIS STATEMENT TO LILLY WAS COERCED IS NOT CREDIBLE. GENERALLY AN APPELATE COURT SHOULD AFFORD ALMOST TOTAL DEFERENCE TO A TRIAL COURT'S DETERMINATION OF THE HISTORICAL FACTS THAT THE RECORD SUPPORTS, ESPECIALLY WHEN THE TRIAL COURT'S FACT-FINDING ARE BASED ON AN EVALUATION OF CREDIBILITY AND DEMEANOR. APPLICANTS CREDIBILITY WAS NEVER A QUESTION SO WHY NOW? COUNSEL DETERMINATION OF CREDIABILTY SHOULD BE QUESTION AS TO WHY HE KEEPS SUPPORTING A FORMER DETECTIVE WHO HAS BEEN TERMINATED "FIRED" AND YOU HAVE PUBLIC OFFICALS WHO WOULD NOT DARE REALY ON HIM.

30. APPLICANT TRIED TO GET INFORMATION FROM PETRUZZ AS TO WHAT WER HIS OPTIONS AT FIGHTING BUT PETRUZZI WOULD ONLY TALK ABOUT TAKING TIME AND DISCURAGED APPLICANT FROM WANTING TO GO TO TRIAL. IF APPLICANT WANTED TO PLEA GUILTY, WOULDNT HE HAVE TAKEN ANY OFFER WITHOUT QUESTIONING IT? HE ADVISED NO TRIAL BECAUSE D.A AND JUDGE WOULD GET UPSET AT WAISTING THEIR TIME AND WOULD GIVE LIFE.

31. ABOUT PETRUZZI STATING, HE TOLD PETITIONER THAT HE WOULD WAIVE HIS RIGHT TO APPEAL BY PLEADING GUILTY? HE NEVER SAID ANYTHING, HE HAD ALREADY DETERMINED NOT TO GO TO TRIAL HE COULD HAVE GIVEN APPLICANT THE OPTION OF PROBATION IN EXCHANG OF A GUILTY PLEA. HOWEVER THE TRIAL COURT COMMITED AN ABUSE OF DISCRETION FOR NEVER ADMITING REAL EVIDENCE WEATHER IT BEEN PHYSICAL OR MATERIAL TO SUPPORT THE GUILTY PLEA OF THE DEFENDENT IN ACCORDANCE TO ART .1.15 THE COURT COULD NOT ACCEPT THE GUILTY PLEA WITHOUT THE EVIDENCE TO ACC SUPPORT THE SAME. THE ONLY EVIDENCE THE COURT HAD WAS A COERCED CONFESSION FROM A FORMER DETECTIVE FIRED FOR BEING ANYTHING BUT HONEST AND LETS NOT FORGET HIS CONDUCT IS ANYTHIN BUT PROFESSIONAL.

32. ONCE AGAIN TRIAL RECORDS WILL NOT REFLECT I WAS EVER ADMONISHED IN ACCORDANCE TO EXPARTE MARTINEZ V. TEXAS 694 F2d 423 (5TH CIR 1982) OR EXPARTE AXEL 757 S.W 2d 369 TEX. CRIM APP. 1988. ONCE MORE APPLICANTS CREDIBILITY IS NOT AT STAKE IF IT WAS SO, HOW CAN TRIAL COURT ACCEPT A SO CALLED GUILTY PLEA, BUT NOT BELIVE ADMONISHEMENT IN REGARDS AN APPEAL NEVER HAPPEN. WE CAN NOT CHOOSE TO BELIVE ONLY WHAT IS CONVNIENT TO DENIED ERROR WOULD BE TO DENIE THE TRUTH.

33. IF APPLICANT WOULD HAVE UNDERSTOOD AS STATED BY PETRUZZI'S AFFIDAVIT, WOULDN'T IT BEEN BETTER FOR APPLICANT TO SEEK DEFERED ADJUDICATION. BEING HE HAS NO CRIMINAL RECORD, BUT WAS ONLY GIVEN TWO OPTION TAKE (7) T.D.C. OR FACE UP TO LIFE IF TOOK CASE TO TRIAL. PETRUZZI WOULD REMEMBER I DID NOT EVEN WANT THE (7) HE HAD TO TALK TO MY FAMILY SO THE COULD TRY TO CONVINCE ME.

34. THE TRIAL COURT ABUSED ITS DESCRETION BY MAKING SUCH STATEMENT. HOW CAN THE POSSIBLY KNOW WHAT TRULY CONSPIRED BETWEEN APPELENT AND PETRUZZI, THEY SHOULD STAND ON WHATS ON RECORD. WHAT MOTIONS DID DEFENS ATTORNEY FILE TO HELP APPLICANT? DID HE EXHUST ALL AVENUE BEFORE GIVING THE ONLY TWO OPTION TO TAKE (7) OR FACE HARSHER PUNISHMENT. ITS OBVIOUS BY HIS LACK OF INTREST IN THE CASE BY NOT EVER VISITING CLIENT IN JAIL TO PREPAIR FOR ANY DEFENSE FACING SUCH DELICATE ALLEGATIONS. THATS WHY HE TRIED TO GET MY FAMILY TO CONVINCE ME TO JUST SIGN FOR PRISON TIME, HE WAS PERSISTANT ON APPLICANT SIGNING FOR TIME.

35. A PLEA THAT IS MADE AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL, IS NEVER FREE OR VOLUNTARILY MADE IT'S ONLY A PRODUCT OF DECEPSION AND NEGLECT.

36. THE APPLICANTS CLAIM THAT TRIAL COUNSEL COERCED HIM TO PLEADING GUILTY IS NOT CREDIBLE THIS IS ONLY AN OPINION OF THE TRIAL COURT, THEY ARE NOT GOING TO ADMIT TO MAKING ERRORS AS SEEN ON EVERY DAY NEWS WITH POLICE OFFICERS KILLING INNOCENT PEOPLE AND PEOPLE BEING EXSONARATED FOR CRIMES THEY DID NOT COMMIT. SO TRIAL COURT WILL PROTECT JOHN PETRUZZI EVEN THOUGH THE RECORD WILL SHOW THE SHAM OF A REPRESENTATION COUNSEL FAILED TO MEET THE SIXTH AMENDMENT OR THE DUE PROCCESS CLUASE OF THE 14TH AMENDMENT AND DEFFINATLY FELL UNDER THE TWO PRONGS OF STRICKLAND.

37. A MORE IN DEPTH WOULD HAVE PROVED ALL CLAIMS BY APPLICANT TO BE TRUE. HAD THEY BELIVED AND INVESTIGATED THE METHOD THE CONFESSION WAS OBTAIN, WOULD HAVE SHOWN NO HISTORY OF ANY TYPE OF MALICIOUS CRIMES, WHAT HAVE SEEN NO EVIDENCE TO SUSTAIN A HEARSAY ALLEGATION, THEIR WAS NO MOTIVE AS APPLICANT HAS HISTORY OF WORKING IN AN INVIORKMENT WITH CHILDREN AND NEVER ONCE HAD ANY COMPLAINTS OF ANY SORTS. APPLICANT ALWAYS HAD FAMILY AND FRIENDS AT COURT HEARING WILLING TO TESTIFY ON APPLICANTS BEHALF. BUT AS CAN BEE SEEN THEIL WAS NO INVESTIGATION WHAT SO ⸺ ⸺

37. EVER. JUST A STATEMENT A PLEA OF GUILT AND NOTHING MORE. PETRUZZI JUST WANTED TO RELY SOLEY ON PRIVATE INVESTIGATOR WITHOUT CONCLUDING HIS OWN INVESTIGATION. IN MELTON V. STATE 987 S.W. 2d 72 THIS COURT EXPRESSED A DEFENSE COUNSEL HAS A DUTY TO MAKE AN INDEPENDANT INVESTIGATION OF THE FACTS OF THE CASE AND NOT RELY SOLEY ON WHAT THE PROSECUTOR PRESENTS.

38. APPLICANT TOLD PETRUZZI THAT FAMILY AND FRIENDS WOULD BE WILLING TO TESTIFY IF NEEDED HE STATED THAT WOULD NOT BE NESSISARY AND ONLY TALKED TO THEM SO THEY COULD TRY TO TALK ME INTO TAKING PETRUZZI'S OFFER OF (7) YEARS. IF A HABEAS HEARING WOULD OF BEEN GRANTED ALL SAID WITNESSES WOULD OF CUME FOWARD ONCE AGAIN TO SHOW APPLICANT CHARACTER WOULD NOT SHOW MORAL TURPITUDE AND THAT SUCH ALLEGATION DID NOT FIT PERSONA OR CHARACTER. IF HE WOULD OF USED SAID WITNESSES WHO COULD PROVIDE AFFIDAVIT AS WELL IN ACCORDANCE TO TEX. ART 37.07 SECTION 3 a (1) AND UNDER TEXAS RULES OF EVIDENCE 404 AND 405 THAT WOULD HAVE BEEN ADMISSIBLE AND A GREAT DEFENSE STRATIGIE. MOTHER OF CHILDREN, FAMILY FRIENDS AND NEIGHBORS COULD HAVE TESTIFIED TO IT ONLY IF ASKED BY PETRUZZI OR INVESTIGATOR.

39. APPLICANT WAS TRYING TO RESPECTFULY SAVE TRIAL COURT TIME BY NOT NAMING EACH INDIVIDUAL ONE AT A TIME BUT IF ASKED TO WOULD HAVE DONE SO WITHOUT ANY PROBLEM, AS TO PETRUZZI ALREADY NEW FIRST OFF THE FAMILY THAT WAS ALWAY IN CURT TO SHOW SUPPORT TO APPLICANT. AS STATED IN PARAGRAPH (38).

40. ACCORDING TO TEX. ART 37.07 SECTION 3 a (1) AND UNDER TEXAS RULES OF EVIDENCE 404, 405 THAT WOULD OF HAVE BEEN NOT ONLY ADMISSIBLE IN COURT BUT A GREAT STRATIGIE.

NOW IN REGARDS THE CONCLUSION OF LAW WHICH IS SOLEY BASED ON JOHN PETRUZZI AFFIDAVIT THE CRIMINAL COURT OF APPEALS SHOULD HOLD AN HEARING TO CLARIFY WHY COUNSEL FAILED TO VISIT APPLICANT IN JAIL, WHY DID HE NEVER SPEAK TO DETECTIVE LILLY TO ASK ABOUT THE COERCE CONFESSION OR WHY DID HE NOT TRY TO HELP APPLICANT GET DEFFERED ADJUDICATION IF HE WAS ADVICING NOT TO GO TO TRIAL. AND TO SHOW PROOF OF WHAT HIS PRIVATE INVESTIGATOR DID OR DID NOT DO?

**SUBJECT:** *State briefly the problem on which you desire assistance.*

PLEASE GIVE ME THE DATES LEGAL MAIL WAS MAILD OUT TO THE HARRIS COUNTY DISTRICT COURT FOR THE MONTH OF MARCH. I WILL BE SENDING THIS TO THE COURTS TO SHOW I MAILED OUT IN TIME MY LEGAL MAIL.

THANK YOU FOR YOUR HELP IN THIS MATTER.

Name: __EMIR I FRUTIZ__  No: __6625626__  Unit: __S.B__

Living Quarters: __A109T__  Work Assignment: __JANITOR__

**DISPOSITION:** (Inmate will not write in this space)

1) 3-20-15
2) 3-23-15
3) 3-25-15
4) 3-9-15 — Law Office of John Petruzzi

**EXHIBIT #2**

Israel Frutiz #01625626
Stevenson Unit
1525 F.M. 766
Cuero, TX 77954

Chris Daniel                                              March 24, 2015
Harris County District Clerk                       RE: Cause No. 1232287-A
P.O. Box 4651
Houston, TX 77210-4651

Dear Clerk,

Enclosed, please find my objections to the affidavit of John Petruzzi in the aforementioned cause.

I respectfully request that you bring this to the attention of the court at your earliest time possible.

I further request that this affidavit and applicants objections be attached to the memorandum of law that was submitted with the 11.07 application so that it may be presented to the court of criminal appeals in Austin, Texas should the need arise.

I would like to thank you in advance for your time in regards to this matter and look forward to your response, I remain...

Respectfully submitted,

Israel Frutiz

# EXHIBIT #1

c/c

CAUSE NO. 1232287-A

EX PARTE FRUTIZ,      §      IN THE 174TH DISTRICT COURT
APPLICANT PRO SE      §      OF
     §      HARRIS COUNTY, TEXAS
     §

### APPLICANT'S REPLY TO DEFENSE COUNSEL JOHN PETRUZZI AFFIDAVIT IN RESPONSE TO INEFECTIVE ASSISTANCE OF COUNSEL CLAIMS

TO THE JUDGE OF SAID COURT:

COMES NOW, EMIR ISRAEL FRUTIZ, APPLICANT PRO SE IN THE ABOVE STYLED AND NUMBERED CAUSE AND RESPECTFULLY SUBMITS HIS REPLY TO JOHN PETRUZZI'S AFFIDAVIT IN RESPONSE TO INEFECTIVE ASSISTANCE OF COUNSEL CLAIMS RAISED UNDER 11.07 HABEAS CORPUS APPLICATION.

WHERFORE, TO FURTHER SUBSTANTIATE CLAIMS WITH THAT CONSIDERED IN RESPECTIVE CONTEXT TO PETRUZZI'S SUBMITED AFFIDAVIT FILED WITH THE DISTRICT CLERK IN HARRIS COUNTY, APPLICANT SUBMITS THE FOLLOWING TO BE CONSIDERED UNDER REVIEW WITH APPLICANTS TITLED MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS.

### APPLICABLE HISTORY OF THE CASE

ON FEBRUARY 03, 2015 THE STATE FILED IT'S MOTION REQUESTING DESIGNATION OF ISSUES PURSUANT TO TEXAS CODE OF CRIM. PROC. ART. 11.07 § 3(d) TO DESIGNATE THAT THE FOLLOWING ISSUES TO BE RESOLVED IN THE INSTANT PROCEEDING:

1. WHETHER THE APPLICANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL;
2. WHETHER THE APPLICANTS CONFESSION WAS COERCED; AND
3. WHETHER THE APPLICANTS PLEA WAS INVOLUNTARY.

ON MARCH 6, 2015 THE STATE RECIVED AND FILED THE AFFIDAVIT OF JOHN PETRUZZI WITH A COPY OF SAID AFFIDAVIT BEING FORWARDED TO THIS APPLICANT AND THE BASIS OF THIS DOCUMENT. IN HIS APPLICATION FOR WRIT OF HABEAS CORPUS, APPLICANT CLAIMS THAT HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY HIS TRIAL ATTORNEY, JOHN PETRUZZI (1) FAILED TO INVESTIGATE ALLEGATIONS OF A COERCED CONFESSION; (2) CAUSING HIS PLEA TO BE INVOLUNTARY (3) FAILING TO FILE A MOTION FOR DEFERRED ADJUDICATION; (4) FAILING TO KEEP HIS CLIENT UPDATED AND INFORMED OF THE PENDING CASE, (5) FAILED TO INVESTIGATE HIS CLIENTS ALLEGATIONS OF INNOCENCE AND (6) FAILED TO INTERVIEW ANY WITNESSES OR MEET WITH HIS CLIENT IN A PRIVATE AND SECURE ENVIRONMENT TO NAME A FEW.

### FIRST QUESTION RESPONDED TO BY JOHN PETRUZZI

1. DISCUSS THE RANGE OF PUNISHMENT THE APPLICANT WAS FACING IN CAUSE NO. 1232287-A
(ANSWER) THE RANGE OF PUNISHMENT WAS 5 TO 99 YEARS OR LIFE AND A FINE OF $10,000.

### APPLICANTS REPLY AND ARGUMENT

APPLICANT TENDERS THAT HAD JOHN PETRUZZI INVESTIGATED THE ALLEGATIONS AND THE TIME-

c/e

(1) - PERIODS WITH RESPECT TO THOSE ALLEGATIONS CONCERNING THE ALLEGED AGGRAVATED SEXUAL-ASSAULT OF A CHILD, IT WOULD HAVE BEEN DISCOVERED THAT A PERIOD OF MANY MONTHS HAD PASSED SINCE THE ALLEGED INCIDENT AND THE ARREST OF THIS APPLICANT AND DURING THE PERIOD OF TIME IN QUESTION THE COMPLAINTANT HAD A BIRTH DAY WHEREFORE SHE TURNED FOURTEEN (14) YEARS OLD. APPLICANT SUBMITS THAT THERE WAS NEVER A FIRM DATE AS TO THE ALLEGED INCIDENT AND NO EVIDENCE WAS SUBMITTED TO OFFER PROOF AS TO THE EXACT DATE OF THE OFFENSE. WITH SUCH THE MITIGATING FACTORS HERIN ARE, IF SUCH AN ALLEGATION OR OCCURENCE TOOK PLACE WHILE THE VICTIM WAS 13 YEARS OLD, THEN UNDER TEXAS STATUE THE OFFENSE WOULD HAVE BEEN TRIED AS AN AGGRAVATED OFFENSE AS APPOSED TO A NON-AGGRAVATED SENTENCE HAD THE VICTIM BEEN 14 YEARS OF AGE. COMPARE: TEXAS PENAL CODE 22.011(C) TO TEXAS PENAL CODE 22.021(b). IT IS THE CLAIM OF THIS APPLICANT THAT THE OFFENSE CHARGED COULD HAVE BEEN ARGUED AS A SECOND DEGREE FELONY OR A FELONY THAT WAS NOT ONE PUNISHED WITH AGGRAVATING ELEMENTS INCLUDED, WHICH WOULD CAUSE THIS APPLICANT TO HAVE TO SERVE ONE-HALF ½ OF HIS TIME. BASED UPON SUCH, APPLICANT SUBMITS HIS COUNSEL WAS INEFFECTIVE FOR FAILING TO PROVIDE ANY ARGUMENTATIVE BASIS FOR SUCH.

### SECOND QUESTION RESPONDED TO BY JOHN PETRUZZI

2. WAS THE APPLICANT ELIGIBLE FOR PROBATION?

(ANSWER) "THE APPLICANT WAS NOT ELIGIBLE FOR PROBATION FROM A JURY., THE COURT COULD NOT GIVE PROBATION AFTER FINDING OF GUILT, BUT COULD GIVE DEFERRED ADJUDICATION PROBATION"

### APPLICANT'S REPLY AND ARGUMENT

HENCE, VIEWED IN SCOPE TO THE QUANTUM OF INFORMATION KNOWN TO THIS APPLICANT, DEFERRED ADJU-DICATION IS PROBATION FOR ALL INTENDED PURPOSES, AND WOULD HAVE ALLOWED THE DEFENDANT TO SERVE HIS SENTENCE FREE FROM PRISON AND IN NO WAY CAN JOHN PETRUZZI CLAIM APPLICANT WAS PRECLUDED FROM ANY FORM OF PROBATION SINCE IT WAS CLEAR HE WAS NOT GOING TO A JURY, IN THIS INSTANT OFFENSE. REGARDLESS ANY ATTORNEY WHO IS ADVOCATING HIS CLIENTS BEST INTREST WOULD CERTAINLY PUSH FOR AND/OR PRESENT SOME FORM OF PLEA DEAL FOR PROBATION/DEFERRED ADJUDICATION, AND TO SIMPLY FORGO FILLING AN APPLICATION TO THE COURT FOR PROBATION CAN ONLY BE VIEWED IN ONE WAY INEFFECTIVE.

### THIRD QUESTION RESPONDED TO BY JOHN PETRUZZI

3. DISCUSS THE STEPS YOU TOOK TO INVESTIGATE THE CASE IN ORDER TO PREPARE FOR PLEA OR TRIAL?

(ANSWER) "I SPOKE WITH THE APPLICANT ABOUT HIS CASE ON A NUMBER OF OCCASIONS. I REVIEWED THE OFFENSE REPORT WHICH INCLUDED THE APPLICANTS STATEMENT WITH THE APPLICANT. I FILED A MOTION FOR PRIVATE INVESTIGATOR. THE COURT GRANTED TO MOTION, THE PRIVATE INVESTIGATOR VISITED THE APPLICANT AT THE JAIL. DISCUSSED THE CASE WITH THE APPLICANT, AND REQUESTED IF THE APPLICANT HAD - -

C/C

(3) ANY DEFENSE OR WITNESSES THAT WOULD HELP IN THE CASE.

## APPLICANTS REPLY AND ARGUMENT

IT IS PAINFULLY CLEAR FROM THE ANSWER JOHN PETRUZZI GIVES THAT HE DID NOTHING TO PREPARE FOR THE CASE.... THE QUESTION SIMPLY ASKED WHAT STEPS DID YOU TAKE TO INVESTIGATE THE CASE, AND THE ANSWER GIVEN INDICATE NO INVESTIGATION WAS CONDUCTED AT ALL BY PETRUZZI. WHEN ASSESING THE REASONABLENESS OF AN ATTORNEYS INVESTIGATION, A REVIEWING COURT MUST CONSIDER THE QUAN-TUM OF EVIDENCE ALREADY KNOWN TO COUNSEL AND WHETHER THE KNOWN EVIDENCE WOULD LEAD A REASONABLE ATTORNEY TO INVESTIGATE FURTHER EX PARTE MARTINEZ 195 S.W 3d 713, 721 (TEX. CRIM APP. 2006) HEREIN RELYING UPON A PRIVATE INVESTIGATOR'S INTERVIEW FOR WHICH THIS APPLICANT HAD NO FORM OF ASSURANCE THAT WHAT HE TOLD THE INVESTIGATOR WOULD BE CONFIDENTIAL AND THERFORE APPLICANT FELT THAT IN THE INTREST OF SELF PRESERVATION AND AFTER BEING ALREADY CUERCED AND THREATENED BY HARRIS COUNTY DETECTIVE HE WAS NOT GOING TO GIVE CRUCIAL INFORMATION TO ANYONE OTHER THAN HIS LAWYER JOHN PETRUZZI, WHO INADVERTANTLY NEVER VISITED THE COUNTY JAIL FOR AN INTERVIEW. HENCE HAVING NOT UNDERTAKEN THAT OBVIOUS AND READLY AVENUE OF INVESTIGATION THAT WOULD HAVE PROVIDED AN ATTORNEY-CLIENT BOND OF TRUST THAT MAY HAVE GIVEN RISE TO VALUABLE INFORMATION THAT MAY HAVE BOLSTERED THE CREDIBILITY AND DEFENSE OF THIS CASE, JOHN PETRUZZI CHOSE TO ALLIENATE HIS CLIENT BY REFUSING TO COME TO THE COUNTY JAIL FOR ONE-ON-ONE TIME TO DISCUSS THE OFFENSE AND ANY PREPARE A DEFENSE. COUNSEL MUST DEVELOP A TRIAL STRATEGY IN THE TRUE SENSE—NOT WHAT BEARS A FALSE LABEL OF STRATEGY—BASED ON WHAT INVESTIGATION REVEALS, NOT BASED UPON WHAT COUNSEL GUESSES ANYONE MIGHT SAY IN THE ABSENCE OF A FUL INESTIGATION. WITH SUCH JOHN PETRUZZI HAS NOT ANSWERED THE COURTS QUESTION AS TO WHAT STEPS HE TOOK TO INVESTIGATE, HE SIMPLY STATED HE WAS GOING TO RELY UPON THE PRIVATE INVESTIGATOR WORD. THIS IS NOT AN INVESTIGATION AS DEFINED IN ANY SENCE WITH RESPECTS TO THE SUPREME COURT DECISION IN STRICKLAND OR THOSE OUTLINED IN THE STATE BARS RULES OF PROFESSIONAL CONDUCT AND A.B.A STANDARDS.

## FOURTH QUESTION RESPONDED BY JOHN PETRUZZI

4. DID YOU EVER VISIT THE APPLICANT IN THE HARRIS COUNTY JAIL? IF NOT PLEASE EXPLAIN WHY.

(ANSWER) I DID NOT VISIT THE APPLICANT AT THE JAIL. I HAD SPOKEN TO HIM MANY TIMES IN THE HOLD-OVER CELL AS WELL AS SENT MY INVESTIGATOR TO THE JAIL.

## APPLICANTS REPLY AND ARGUMENT

AGAIN AS ARGUED IN #3 ABOVE, THE PRIVATE INVESTIGATOR IS NOT LEGAL COUNSEL BUT MERELY AN INVESTIGATOR TOOL USED TO LOCATE WITNESSES AND FIND VALUABLE INFORMATION THAT MAY BOLSTER THE DEFENSE, BUT THE INVESTIGATOR IS NOT THE ONE APPOINTED BY THE COURT AS LEGAL COUNSEL. MORE IMPORTANTLY FOR JOHN PETRUZZI TO FEEL THE HOLD-OVER CELL IN HARRIS COUNTY IS THE BEST PLACE FOR HIS CLIENT --

TO DISCUSS A CASE THAT INVOLVES AN AGGRAVATED SEXUAL ASSAULT OF A CHILD IS TO FOUNDER ON THE ROCKS OF IGNORANCE. NO WAY COULD ANY COURT IN THE LAND AGREE THAT THE HOLD-OVER CELL IS THE APPROPRIATE PLACE TO CONDUCT A PRIVATE INTERVIEW WITH NUMEROUS OTHER OFFENDERS ALL WITHIN A FEW FEET, AND ALL WHO ARE LOOKING FOR SOME WAY TO MAKE A DEAL WITH THE STATE BY PRESENTING TESTIMONY TO THE STATE IN EXCHANGE FOR A LESSER CHARGE OF REDUCED TIME, WOULD BE TO STRIP THE ATTORNEY-CLIENT CONFIDENTIALITY CLAUSE OF ALL IT'S MEANING. MOREOVER ADEQUATE CONSULTATION BETWEEN ATTORNEY AND CLIENT IS AN ESSENTIAL ELEMENT OF COMPETENT REPRESENTATION OF A CRIMINAL DEFENDANT UNITED STATES V. TUCKER 716 F.2d 576 (Ca9 1983) AND THE ATTORNEY-CLIENT PRIVILEGE IS ONE OF THE OLDEST RECOGNIZED PRIVILEGES FOR CONFIDENTIAL COMMUNICATION AND IS INTENDED TO ENCOURAGE "FULL AND FRANK" COMMUNICATION BETWEEN ATTORNEYS AND THEIR CLIENTS AND THERBY PROMOTE BROADER PUBLIC INTREST IN THE OBSERVANCE OF LAW AND THE ADMINISTRATION OF JUSTICE. JOHN PETRUZZI COMPLETLY DROPPED THE BALL HEREIN AND WAS NOT THE EFFECTIVE COUNSEL DESCRIBED BY THE SIXTH AMENDMENT OR STRICKLAND STANDARDS.

## FITH QUESTION RESPONDED BY JOHN PETRUZZI

5. PLEAS DISCUSS THE CONVERSATIONS YOU HAD WITH THE APPLICANT REGARDING HIS CASE AND THE ALLEGATION AGAINST HIM. PLEASE DESCRIBE WHEN THESE DISCUSSIONS WOULD TAKE PLACE AND THE DEGREE TO WHICH THE APPLICANT PARTICIPATED IN THESE DISCUSSIONS.

(ANSWER) EACH TIME HE APPEARD IN COURT WE DISCUSSED HIS CASE. I REVIEWED THE OFFENSE REPORT WITH HIM. I INDICATED THAT I WOULD SEND A PRIVATE INVESTIGATOR TO THE JAIL AND ASKED THE APPLICANT TO PROVIDE THE INVESTIGATOR WITH ANY HELPFUL INFORMATION ON HIS CASE. THE APPLICANT FULLY PARTICIPATED IN THESE DISCUSSIONS AND INDICATED HE UNDERSTOOD HIS OPTIONS.

## APPLICANTS REPLY AND ARGUMENT :

APPLICANT CONTENDS THE SAME ARGUMENT AS PROFERED IN NO(4) FOUR. IT IS NOTE THE ROLE OF THE INVESTIGATOR TO CONDUCT INTERVIEWS WITH THE DEFENDANT WITH RESPECT TO A SERIOUS OFFENSE SUCH AS THIS. THIS IS THE SPECIFIC OBLIGATION OF THE ATTORNEY AND SHOULD NOT BE DELIGATED TO A NON-LAWYER, IF THIS WERE THE CASE WE MAY AS WELL USE PRIVATE INVESTIGATOR TO FILL THE ROLE OF COUNSEL, AS IT WOULD BE CHEAPER. MOREOVER WITH THE LITTLE AMOUNT OF TIME PETRUZZI SPENT WITH DEFENDANT HE IS NOT IN ANY SITUATION TO DETERMINE AT WHAT LEVEL THIS APPLICANT PARTICIPATED TO BEGIN WITH, BE IT LOW OR HIGH. AND IT IS THE FIRM AND SINCERE TESTIMONY OF THIS APPLICANT THAT HE DID NOT PARTICIPATE AT HIS FULLEST POTENTIAL, SIMPLY BECAUSE HE WAS NOT GOING TO DISCUSS SUCH MATTER AS SEXUAL ASSAULT OF A CHILD IN THE PRESENCE OF OTHERS IN A CROWDED HOLD-OVER CELL. AS TO DO SUCH WOULD BE TO PLACE HIS LIFE AND SAFETY IN DANGER AND NO LAWYER, PROSECUTOR, OR JUDGE COULD FAULT THIS APPLICANT FOR BEING APPREHENSIVE IN-

C/C

5. SCOPE OF THIS OFFENSE, MOREOVER APPLICANT SUBMITS IT WAS THIS VERY COUNSEL WHO FURTHER COERCED HIM INTO THE PLEA OF GUILTY BY STATING THAT HE HAD NO OTHER OPTION: AND TO PROCEED TO A JURY TRIAL WOULD BE MORE OF A BURDEN ON THE STATE AND HE COULD EXPECT NUTHING BUT A LARGE AMOUNT OF TIME FOR HIS EFFORTS AT JUSTICE.

### SIXTH QUESTION RESPONDED TO BY JOHN PETRUZZI

6. PLEASE DISCUSS ANY POSSIBLE DEFENSE YOU DISCUSSED WITH THE APPLICANT AND YOUR OPINION REGARDING THE VIABILITY OF SUCH DEFENSE.

(ANSWER) "THE APPLICANT NEVER PROVIDED ANY INFORMATION THAT LED TO ANY DEFENSE TO HIS CASE AND SAID HE WAS GUILTY OF THE CHARGES. HE ADVISED HE WANTED TO PLEAD GUILTY.

### APPLICANTS REPLY AND ARGUMENT

APPLICANT ARGUES THAT HEREIN THE COUNSEL TRIES TO LAY THE BLAME ON HIM, AND IT IS SIMPLE, APPLICANT DOES NOT KNOW NOR IS HE TRAINED TO UNDERSTAND WHAT A LOGICAL DEFENSE IS. THIS IS WHY WE HAVE COUNSEL, SO THAT THEY CAN INVESTIGATE THE CASE AND DISCOVER A DEFENSE AND ONCE AGIN THIS IS NOT THE DUTIES OF A PRIVATE INVESTIGATOR, WHO IS NOT TRAINED TO SPOT DEFENSE TO CRIMINAL OFFENSES.

### SEVENTH QUESTION RESPONDED TO BY JOHN PETRUZZI

7. DID THE APPLICANT EVER ALLEGE THAT HE FELT THAT THE STATEMENT HE PROVIDED TO SARGENT LILLY WAS COERCED?

(ANSWER) THE APPLICANT NEVER ALLEGED THE STATEMENT HE PROVIDED WAS COERCED.

### APPLICANTS REPLY AND ARGUMENT

APPLICANT PROFERS THAT HE IS NOT TRAINED IN THE SCIENCE OF LAW, WAS NOT AWARE OF THE LEGAL BOUNDRIES THAT THE LAW ENFORCEMENT COULD NOT CROSS, AND WAS NOT EVEN KNOWLEDGABLE OF ANY COERCION TECHNIQUES OR HOW THEY ARE EMPLOYED, AND TO HAVE NO KNOWLEDGE IS TO HAVE NO WAY OF COMMUNICATING WHAT HAD HAPPENED, IT IS THE SWORN STATEMENT OF THIS APPLICANT THAT SERGEANT LILLY THREATEND, INTIMIDATED AND ALLUDED TO MY FAMILY NOT BEING SAFE SHOULD I NOT CHOOSE TO BELIE HIS VERSION OF THE CASE IN CHIEF, WHEREFORE, THIS APPLICANT MAY NOT HAVE USED THE EXACT VERNACULAR OR PRECISE SYNTAX, BUT THE POINT WAS CLEARLY MADE TO COUNSEL THAT HE HAD RE-STATED THOSE FACTS AS THEY WER FED TO HIM V.I.A SERGEANT LILLY AND APPLICANTS VERSION OF THESE EVENTS WERE RELAYED TO THE BEST OF HIS ABILITY IN SUCH A HOSTILE INVIRONMENT AS THE HARRIS COUNTY HOLDING-CELL. APPLICANT TENDERS THAT JOHN PETRUZZI IS NOT UNDERSTANDING THAT TO TRY AND INTERVIEW A CLIENT IN AN INVIRONMENT SUCH AS A HOLDING CELL, IS TO NOT CONDUCT AN INTERVIEW AT ALL, IT IS INCONCIEVABLE TO EVEN THINK A PERSON WOULD DISCUSS SUCH ALLEGATIONS AS THOSE PRESENTED HEREIN.

C/C

### EIGTH QUESTION RESPONDED BY JOHN PETRUZZI

Q. DID THE APPLICANT EVER ALLEGE THAT SERGENT WILLIAM LILLY THREATEND THE APPLICANT WITH BODILY INJURY IF HE DID NOT CONFESS?

(ANSWER) THE APPLICANT NEVER STATED HE WAS THREATEND TO GIVE A STATEMENT.

### APPLICANTS REPLY AND ARGUMENT

APPLICANT CAN ONLY SUBMIT TO THIS HONORABLE COURT THAT COMMEN SENCE WOULD DICTATE THIS SCRIPTED ANSWER AND THAT HE PRAYS THIS COURT WILL SEE THROUGH THE UN-TRUTH.

### QUESTION'S NINE THRU SIXTEEN RESPONDED TO BY JOHN PETRUZZI

### APPLICANTS REPLY AND ARGUMENT:

APPLICANT AVERS THAT EACH ANSWER PROFFERED BY JOHN PETRUZZI HAS BEEN INTENDED TO STEER THE ISSUE AWAY FROM HIS FAILURE TO PARTICIPATE IN ANY INVESTIGATION, AND OR EVEN TAKE THE TIME TO VISIT HIS CLIENT IN COUNTY JAIL SO AS TO ANY DISBALENCE OF TRUE REPRESENTATION. CONTINUSLY, PETRUZZI FALLS BACK ON THE PRIVATE INVESTIGATOR AND PUTS FORTH AN ATTEMPT TO LAY THE SUBJECT MATTER AT HIS FEET, AND APPLICANT PRAYS THIS HONORABLE COURT SEE PAST THIS FOOLISH ATTEMPT. THIS HONORABLE JUDGE DID NOT REQUEST AN AFFIDAVIT FROM THE PRIVATE INVESTIGATOR BUT FROM JOHN PETRUZZI AND IT WOULD BE SAFE TO SAY, THAT GIVEN THE PRIVATE INVESTIGATOR A CHANCE, CHANCES ARE HE WOULD LAY THE BLAME AT THE FEET OF JOHN PETRUZZI. ITS A GAME OF PASS-THE-BUCK. IT IS COMPLETLY OBVIOUS FROM PETRUZZI'S ANSWER THAT HE FAILED IN HIS APPOINTED CAPACITY TO RENDER COMPETENT REPRESENTATION. IT IS FURTHER OBVIOUS THAT WITH THE LITTLE TIME SPENT WITH THIS APPLICANT, PETRUZZI WAS NOT ABLE TO FULLY GRASP THE COMPLEXED ALLEGATIONS BEING MADE BY HIS CLIENT AND SIMPLY DISMISSED THE CLAIMS AS A FAIRY-TALE BEING TOLD BY A YOUNG MAN LOOKING FOR ESCAPE, WHEN FACT THE TRUTHFULL NATURE OF THE ALLEGATIONS OF POLICE MISCONDUCT DID SO COME TO LIGHT SHORTLY THEREAFTER WITH THE SERGEANT IN THIS CASE BEING FIRED FOR THE SAME ACCUSATIONS MADE BY APPLICANT YET WENT UNINVESTIGATED BY JOHN PETRUZZI. WITH RESPECT TO THE ANSWERS TO QUESTIONS 9-16 IT IS CLEAR THAT JOHN PETRUZZI CONDUCT WAS MORE OF A DIS-SERVICE TO THIS COURT AND HIS CLIENT, THEN A SERVICE AND HIS INACTIONS DID FALL BELOW THE STANDERDS OF REASONABLE PERFORMANCE, THUS CAUSING THE ADVERSARIAL TESTING PROCES, CONTEMPLATED BY THE SIXTH AMENDMENT TO FALTER CONCERNING THIS CRUCIAL ISSUE.

WITHOUT WAIVING HIS CONTENTION THAT EACH INSTANCE RESPONDED TO AND EACH ONE UNANSWERD, BE IN ITSELF MERITS RELIEF. JOSHUA V. DEWITT F.3d 430 (5TH CIR. 2000)

### RESPECTFULLY SUBMITTED.

C/C

WHEREFORE PREMISES CONSIDERED, APPLICANT RESPECTFULLY SUBMITS THIS HIS OBJECTIONS TO THE AFFIDAVIT OF JOHN PETRUZZI WITH REPLY AND ARGUMENT WITH RESPECT TO GROUNDS FOR ANSWERS 1-8 AND EXPLANATION WITH RESPECT TO GROUNDS AND ANSWERS FOR 9-16 AND A SHOWING OF GOOD CAUSE TO AFFORD APPLICANT AN EVIDENTIARY HEARING TO RESOLVE MATERIAL FACTS, WHICH IF RESOLVED IN HIS FAVOR WOULD ENTITLE HIM TO HABEAS RELIEF.

RESPECTFULLY SUBMITTED,

VERFICATION

I, ISRAEL FRUTIZ, #01625126 VERTY AND STATE UNDER PENALTY OF PERJURY THAT I AM THE NAMED APPLICANT IN THE FORGOING DOCUMENT TITLED APPLICANTS REPLY TO DEFENSE COUNSEL JOHN PETRUZZI AFFIDAVIT IN RESPONSE TO INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS AND ALL AVERRED FACT AND LAW CONTAINED THEREIN ARE TRUE AND CORRECT.

RESPECTFULLY SUBMITTED,

CERTIFICATE OF SERVICE

I, ISRAEL FRUTIZ HAVE PLACED A COPY OF THIS DOCUMENT IN THE U.S. MAIL BOX LOCATED ON THE STEVENSON UNIT OF T.D.C.J IN CUERO, TEXAS 77954 ON MARCH 24, 2015 AND NO COPY HAS BEEN FOWARDED TO THE ATTORNEY JOHN PETRUZZI.

RESPECTFULLY SUBMITTED,

C/C